UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEAN J. JACKSON, | : | Case No. 3:13-cv-254 |
| | : | |
| Plaintiff, | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Michael J. Newman |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's opposition to Plaintiff's Statement of Errors (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 7),[2] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed for DIB and SSI on September 4, 2009, alleging a disability onset date of August 1, 2008. PageID 256-67. Plaintiff suffers from a number of impairments including,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

among others, degenerative disc disease of the lumbar and cervical spine with radiculopathy, obesity, headaches and post-traumatic stress disorder. PageID 166.

After initial denial of her claims, Plaintiff received a hearing before ALJ Mary J. Withum on October 12, 2011. PageID 114-51. ALJ Withum issued a written decision on December 1, 2011 finding Plaintiff not "disabled." PageID 165-75. Specifically, ALJ Withum's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2011;

2. The claimant has not engaged in substantial gainful activity since August 1, 2008, the alleged onset date (20 CFR 404.1571, *et seq.*, and 416.971 *et seq.*);

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar and cervical spine with radiculopathy, left shoulder degenerative joint disease, obesity, headaches, major depressive disorder, pain disorder, post-traumatic stress disorder, polysubstance abuse in remission (20 CFR 404.1520(c) and 416.920(c));

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926);

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity ["RFC"] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). She cannot climb ladders, ropes or scaffolds or work on unprotected heights. She can only occasionally stoop, kneel, crouch and crawl. The claimant can have a sit-stand option. The claimant can only occasionally lift overhead on the left side and cannot repetitively rotate, extend and flex her neck. The claimant is limited to 1-2 step tasks in low stress occupations with only occasional changes in the work setting and occasional decision-making. Lastly, she cannot have fast-paced production quotas and can only interact occasionally with coworkers, supervisors and the general public;

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965);

7.  The claimant was born on April 30, 1962 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963);

8.  The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964);

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules ["Grid"] as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2);

10. Considering the claimant's age, education, work experience, and ["RFC"], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)); [and]

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

PageID 164-75.

Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ Withum's non-disability finding the final administrative decision of the Commissioner.  PageID 50-56.  Plaintiff then filed this timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B. Evidence of Record

The ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 164-75.  Plaintiff, in her Statement of Errors, also sets forth an extensive summary of the medical evidence.  Doc. 9 at PageID 924-28.  The Commissioner's response to Plaintiff's Statement of Errors refers the Court to the ALJ's recitation of relevant evidence and offers no objections to Plaintiff's statement of facts.  Doc. 12 at PageID 950.  Accordingly, except as

otherwise stated in this Report and Recommendation, the undersigned incorporates the ALJ's recitation of the evidence as well as Plaintiff's undisputed summary of the evidentiary record. Where applicable, the Court will identify the medical evidence relevant to this decision.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. §§ 405(g) and 1383(c)(3);[3] *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where

---

[3] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is

"disabled" under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred: (A) in weighing the medical opinion evidence of record; and (B) in assessing Plaintiff's credibility regarding her complaints of pain. Doc. 9. Having carefully reviewed the voluminous administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably reviewed the record, appropriately considered the medical source evidence at issue (and applied the "good reasons" rule with respect to that evidence), appropriately considered Plaintiff's pain allegations and reasonably determined Plaintiff was not fully credible. Thus, as more fully explained herein, the Court finds the ALJ's decision supported by substantial evidence and recommends that the Court affirm the ALJ's non-disability finding.

    **A.**    **Medical Source Opinions**

Plaintiff sets forth two arguments regarding the ALJ's assessment of medical source evidence: (1) the ALJ erred in analyzing the weight assigned to Plaintiff's treating physician, Dr. Thomas Hardy, M.D.; and (2) the ALJ erred in giving significant weight to state agency physicians' opinions, Dr. W. Jerry McCloud, M.D., and Dr. Walter Holbrook, M.D.

"[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). Treating physicians and psychologists top the hierarchy. *Id*. "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Id*. "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy

of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original).  This requirement is known as the "treating physician" rule.  *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted).  Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]"  20 C.F.R. § 404.1527(c)(2); *see also Blakely*, 581 F.3d at 406.  Thus, an ALJ must give controlling weight to a treating source if the ALJ finds the treating physician's opinion well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record.  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion."  *Blakely*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be

7

sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.* at 406-07.

Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id*. at 406; *see also* 20 C.F.R. §§ 404.1527(c) and 416.927(c).  In addition, unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]"  *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

The Court acknowledges that an ALJ is not required to accept a physician's conclusion that his or her patient is "unemployable."  Whether a person is disabled within the meaning of the Social Security Act is an issue reserved to the Commissioner, and a treating physician's opinion -- that his or her patient is disabled -- is not "give[n] any special significance."  20 C.F.R. § 416.927; *see Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (stating that "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician").  However, "[t]here remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

### 1. <u>Treating Physician</u>

Here, the ALJ did not give controlling weight to Dr. Hardy's opinions because they were inconsistent with the evidence of record.  The Court finds the ALJ's analysis reasonable in this

regard.  Specifically, the ALJ pointed to Dr. Hardy's opinion concerning Plaintiff's ability to stand and walk offered in May 2009, and found that such assessment conflicted with Dr. Hardy's note on or about May 11, 2009 that Plaintiff was "doing well" and was "increasing exercise" with no new complaints.  PageID 172, 597.  The ALJ also discussed examinations around this time period that revealed "normal osteopathic, neurological and musculoskeletal findings."  PageID 172.  Finally, the ALJ noted Dr. Hardy's less limiting assessments offered in April 2010 and June 2010.  PageID 172, 722-26.  Plaintiff points to no evidence in the record to suggest that the ALJ's findings in this regard are incorrect.  Accordingly, the Court finds substantial evidence supporting the ALJ's conclusion that Dr. Hardy's opinions were not entitled to controlling weight.

The inquiry, however, does not stop there because Plaintiff argues that the ALJ further erred in applying the 20 C.F.R. § 404.1527(c) factors in assessing the weight given Dr. Hardy's opinion.  Again, those factors include "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source-in determining what weight to give the opinion."  *Wilson*, 378 F.3d at 544.  "Although the regulations instruct an ALJ to consider these factors, they expressly require only that the ALJ's decision include 'good reasons . . . for the weight . . . give[n] [to the] treating source's opinion'-- not an exhaustive factor-by-factor analysis."  *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011) (citation omitted).

Here, the ALJ clearly considered the nature, extent and specialty of Dr. Hardy's treating relationship with Plaintiff by noting that Dr. Hardy is "one of the claimant's primary care providers at the Cassano Health Center[.]"  PageID 172.  In addition, the ALJ noted that Dr.

9

Hardy's opinions lacked support and were inconsistent with the record -- including other medical source opinions, Plaintiff's own statements, and Dr. Hardy's opinions and clinical findings. *Id*. In further addressing the nature and extent of Plaintiff's treatment, the ALJ noted that it "has been conservative[.]"  PageID 171.  A thorough reading of the ALJ's decision gives this reviewing Court "a 'clear understanding' of why the ALJ rejected Dr. [Hardy's] opinion[,]" *i.e.*, "the ALJ outlined the myriad ways in which the doctor's opinion conflicted with evidence in the record." *Francis*, 414 F. App'x at 805.  Accordingly, the undersigned finds substantial evidence supports the ALJ's assessment of Dr. Hardy's opinions.

### 2. State Agency Physicians

Plaintiff also argues that the ALJ erred in relying on the state agency reviewing physicians' opinions regarding her purported physical limitations.  On December 23, 2009, Dr. McCloud opined that Plaintiff: could occasionally lift or carry twenty pounds and frequently lift or carry ten pounds; could stand and walk for "about" six hours during a workday; could sit for "about" six hours per workday; could never climb ladders, ropes or scaffolds; and was limited in reaching in all directions.  PageID 656-63.  Dr. Holbrook affirmed Dr. McCloud's assessment on July 1, 2010.  PageID 721.  Plaintiff argues that the ALJ failed to properly analyze the required factors set forth in 20 C.F.R. § 404.1527(c) when assessing the weight accorded these opinions.  Doc. 9 at PageID 933-35.

"Unless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical . . . consultant[.]"  20 C.F.R. § 404.1527(e)(2)(ii).  Such explanation must be "meaningful." *Ott v. Comm'r of Soc. Sec.*, No. 1:08-CV-00399, 2009 WL 3199064, at *3 (S.D. Ohio Sept. 29, 2009).  "After assessing the weight accorded medical source evidence, ultimately, an ALJ can properly rely on the

conclusions of a non-examining, record reviewing physician to support an RFC assessment." *Cooley v. Comm'r of Soc. Sec.*, No. 1:08-cv-499, 2009 WL 2982881, at *3 (S.D. Ohio Sept. 15, 2009) (citation omitted).  Relying on non-examining physicians is permissible "because the Commissioner may view nonexamining sources 'as highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the [Social Security] Act.'"  *Id*. (citing SSR 96-6p, 1996 WL 374180 (July 2, 1996)).  Thus, "under some circumstances, [opinions from non-examining doctors can] be given significant weight."  *Id*. (alterations in original) (citation omitted).

Here, any explanation concerning the nature and extent of the relationship between the state agency physicians and Plaintiff, as well as the length and frequency of treatment, is satisfied by simply noting that these physicians are state agency medical consultants.  Such information provides the Court with a clear understanding that these physicians simply reviewed Plaintiff's medical records and rendered opinions without ever physically examining her.  *Cf. Anderson v. Comm'r of Soc. Sec.*, No. 1:11 CV 2105, 2013 WL 322119, at *2 (N.D. Ohio Jan. 28, 2013) (stating that "[a] state agency reviewing psychologist . . . is a non-examining source who has not examined a claimant but provides a medical or other opinion based upon a review of the claimant's medical records") (citations omitted).

With regard to the other factors, the ALJ noted elsewhere her decision that Plaintiff "did not have any musculoskeletal or neurological abnormalities"; that "she stopped attending physical therapy" because she "met almost all of her goals, including reduced pain"; that she made no complaints "of any pain and only discussed left arm numbness and tingling" in May 2011; and that records from June 2011 through August 2011 demonstrated Plaintiff's "pain was reasonably controlled."  PageID 170.  Finally, the ALJ found these opinions supported by

11

Plaintiff's pain management doctor, "a doctor who performed physical examinations and dealt with the claimant's chronic pain on a regular basis[,]" who concluded that Plaintiff was not disabled. PageID 172, 787, 789.

Thus, based on the foregoing, the ALJ's conclusions are supported by substantial evidence in the record. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir.2007) (defining substantial evidence as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). "'[E]ven if there is substantial evidence in the record that would have supported an opposite conclusion[,]" the Court must give deference to ALJ's decision if it is supported by substantial evidence. *Blakely*, 581 F.3d at 406 (citations omitted). "The substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Id*. (citation omitted). Finding substantial evidence in the record supporting the ALJ's assessment of the state agency physicians' opinions, Plaintiff's argument in this regard should be overruled.

B.  **Pain and Credibility Assessment**

Plaintiff also argues that the ALJ erred in determining the extent of her pain and her credibility. "Where the symptoms and not the underlying condition form the basis of the disability claim, a two-part analysis is used in evaluating complaints of disabling pain." *Rogers*, 486 F.3d at 247 (citing 20 C.F.R. § 416.929(a); *Buxton*, 246 F.3d at 773; *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994)). "First, the ALJ will ask whether . . . there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms." *Id*. (citation omitted). Second, where, as here, "the ALJ finds that such an impairment exists, then he [or she] must evaluate the intensity, persistence, and limiting effects

of the symptoms on the individual's ability to do basic work activities." *Id.* (citations omitted); s*ee also* SSR 96-7p, 1996 WL 374186, at *2 (Jul. 2, 1996).

In this case, Plaintiff challenges the ALJ's conclusion at the second part of the analysis. In considering the second part of the two-part analysis, the ALJ must consider a number of "[r]elevant factors," namely: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of symptoms; (3) factors that precipitate and aggravate symptoms; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; (5) other treatment undertaken to relieve symptoms; (6) other measures taken to relieve symptoms, such as lying on one's back; and (7) any other factors bearing on the limitations of the claimant to perform basic functions. 20 C.F.R. § 416.929(c)(3); *see also Rogers*, 486 F.3d at 247.

The ALJ, and not this Court, "evaluate[s] the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. A claimant's credibility comes into question when his or her "complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence[.]" *Id*. To assess credibility, the ALJ must consider "the entire case record," including "any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record." *Id*. To that end, "the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility'" and such determinations "must find support in the record." *Id*. This Court is required to "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's

demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

The ALJ properly considered all of the aforementioned factors.  PageID 169-73.  Plaintiff argues, however, that objective evidence supports her claims regarding the intensity, persistence, and limiting effects of her symptoms and, thus, the severity of her pain.  Doc. 9 at PageID 936.  The ALJ considered objective evidence in the record and documented these objective findings.  *See* PageID 169.  However, the ALJ also reasonably noted Dr. Bhatt's statements that Plaintiff's pain seemed out of proportion "'to radiographic findings[.]'"  PageID 170, 603.

Next, Plaintiff takes issue with the ALJ's reliance on her daily activities in rejecting, in part, her statements regarding pain.  The ALJ's consideration of Plaintiff's daily activities -- including playing basketball after her alleged onset date -- merely "suggest that [she] can perform greater than sedentary work," and that such activities "undermine her claims of persistent pain that leaves her bedridden for up to one week per month."  PageID 171.  Substantial evidence in the record supports the ALJ's conclusion in this regard, including the most recent opinions by Plaintiff's pain management doctor, who concluded that Plaintiff is not disabled.  PageID 172, 787, 789.

Further, in determining Plaintiff's credibility, the ALJ considered a number of objective findings in the medical records.  PageID 169-70.  The ALJ also considered Plaintiff's hearing testimony concerning her pain symptoms, PageID 169, as well as Plaintiff's pain complaints as noted throughout her medical records.  PageID 170-71.  Further, the ALJ considered statements from Plaintiff's treating physicians, such as noting Dr. Bhatt's statements that her pain seemed out of proportion "'to radiographic findings[,]'" PageID 170, 603, and the notations from June

2011 through August 2011 that Plaintiff's "pain was reasonably controlled."[4]  PageID 170, 804, 806.  Finally, the ALJ properly noted inconsistencies in Plaintiff's own statements in the record.  PageID 171-72.  *See Rogers*, 486 F.3d at 248 (stating that "[c]onsistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect").

Thus, the Court concludes that substantial evidence supports the ALJ's determination concerning the intensity, persistence, and limiting effects of Plaintiff's symptoms, as well as the ALJ's credibility determination.  As previously noted, "'even if there is substantial evidence in the record that would have supported an opposite conclusion[,]" the Court must give deference to ALJ's decision if it is supported by substantial evidence.  *Blakely*, 581 F.3d at 406 (citations omitted).  Plaintiff's assignment of error in this regard should, thus, be overruled.

**IV.**

For the foregoing reasons, the Court finds Plaintiff's assignments of error unmeritorious, and further finds the ALJ's non-disability determination supported by substantial evidence.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and

2. This case be **CLOSED** on the docket of this Court.

Date:  July 11, 2014                                       *s/ Michael J. Newman*
                                                           Michael J. Newman
                                                           United States Magistrate Judge

---

[4] Plaintiff takes issue with the ALJ's reliance on these records by noting that, in April 2011, her pain was "not well controlled."  PageID 810.  However, during her next visit in May 2011, Plaintiff reported that her "pain [was] better controlled this [month]."  PageID 806.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).