UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**JEAN J. JACKSON,**

       **Plaintiff,**

-v-

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security**

       **Defendants.**

Case No.  3:13-cv-254

Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**ENTRY AND ORDER OVERRULING JACKSON'S OBJECTIONS (Doc. #15) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #14); ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S NON-DISABILITY FINDING AND TERMINATING THIS CASE**

---

Jean J. Jackson ("Jackson") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that she is not disabled and, therefore, not entitled to Social Security disability benefits. On July 11, 2014, United States Magistrate Judge Michael J. Newman entered a Report and Recommendation (doc. #14) recommending that the Commissioner's decision that Jackson was not disabled be affirmed. Jackson subsequently objected and the time has run and the Commissioner has not responded to Jackson's Objections. This matter is, therefore, ripe for decision.

Jackson sought financial assistance from the Social Security Administration by applying for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits on September 4, 2009. Jackson claimed that she had been disabled since August 1, 2008, due to

degenerative disc disease of the lumbar and cervical spine with radiculopathy, obesity, headaches and post-traumatic stress disorder.

The Commissioner denied Jackson's application initially and on reconsideration. Administrative Law Judge ("ALJ") Mary J. Withum ("Withum") held a hearing following which she determined that Jackson was not disabled. The Appeals Council denied Jackson's request for review and ALJ Withum's decision became the Commissioner's final decision. Jackson then appealed to this Court pursuant to 42 U.S.C. §405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #14) and in Jackson's Objections (doc. #15), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court affirms the Commissioner's decision that Jackson was not disabled in accordance with the Social Security Act.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services,* 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere

scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F. 3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ applied the correct legal criteria and the record as a whole contains substantial evidence to support the ALJ's decision. As a result, Jackson's Objections to the Magistrate Judge's Report and Recommendations are OVERRULED. Further, the Magistrate Judge's Report and Recommendations is adopted in its entirety. The Commissioner's decision that Jackson was not disabled is AFFIRMED. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE and ORDERED** in Dayton, Ohio this Second Day of September, 2014.

                                           s/Thomas M. Rose
                                    _____
                                       THOMAS M. ROSE
                              UNITED STATED DISTRICT JUDGE

Copies furnished to: Counsel of Record